IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MOTHER MURPHY'S LABORATORIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-122 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| ARRIVALSTAR, S.A. and MELVINO TECHNOLOGIES, LTD. | ) ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

This is a declaratory judgment action brought under 28 U.S.C. §§ 2201-02 by Plaintiff Mother Murphy's Laboratories, Inc. against Defendants ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino") (collective referred to as "Defendants"), seeking a declaration that Plaintiff has not violated any U.S. patent rights purportedly held by Defendants.

## **PARTIES**

1. Plaintiff Mother Murphy's Laboratories, Inc. ("Mother Murphy's") is a North Carolina corporation having a principal place of business at 2826 South Elm Street, Greensboro, North Carolina 27406.

2. Mother Murphy's develops, manufactures, markets and sells custom flavorings for a wide variety of industries, including baking, beverage, confectionary,

dairy, grains and cereals, neutraceuticals, pharmaceutical, tobacco, snack, and pet industries.

3. Upon information and belief, Defendant ArrivalStar is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel Welter 2730, Luxembourg.

4. Upon information and belief, Defendant Melvino is a corporation organized under the laws of the British Virgin Island of Tortola, having a principal place of business at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

5. Defendants claim to be the owners of U.S. Patent Nos. 6,904,359 B2, entitled "Notification Systems and Methods with User-Definable Notifications based upon Occurance [sic] Of Events"; 6,748,320 B2, entitled "Advanced Notification Systems and Methods Utilizing a Computer Network"; and 7,400,970 B2, entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle" (collectively referred to as the "ArrivalStar Patents").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201, this being an action for a declaratory judgment; 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States; and 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights pursuant to 35 U.S.C. § 101 *et seq.*

7. This Court has personal jurisdiction over Defendants consistent with the principles underlying N.C. GEN. STAT. § 1-75.4 and the U.S. Constitution in at least:

(a) Defendants purposefully directed its activities at Mother Murphy's within this State:

(b) Mother Murphy's claims arise out of Defendants' activities;

(c) Defendants have admitted jurisdiction in the federal courts in North Carolina by filing patent litigation suits in the United States District Courts for the Western and Eastern Districts of North Carolina; and

(d) This Court's assertion of personal jurisdiction over Defendants is reasonable and fair.

8. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b) and (d) as a substantial part of the events giving rise to this claim occurred in this district and Defendants are both aliens which may be sued in any district.

9. By virtue of the matters alleged herein, there is a substantial and continuing justiciable controversy between Mother Murphy's and Defendants with respect to the infringement of the ArrivalStar Patents. A judicial declaration pursuant to 28 U.S.C. § 2201-02, and Rule 57, Fed. R. Civ. P., is necessary and appropriate in order to resolve this controversy concerning the rights of, and legal relations between, Mother Murphy's and Defendants vis-à-vis the ArrivalStar Patents.

## FACTS

10. As one of the services offered to its customers, Mother Murphy's customers may sign up for Mother Murphy's Automated Shipping Notification service ("ASN service"). The ASN service provides an e-mail to customers that have signed up for the service letting them know when their order has shipped, along with Purchase Order information, and the identity of the carrier delivering the order if the customer wants more information about the delivery.

11. Mother Murphy's also utilizes third-party manufacturing software called "Vicinity" to track items within Mother Murphy's manufacturing processes as an aid in the event of a recall. This ability, referred to as "Tracing" by Mother Murphy's, allows the generation of a report showing where a specific lot of any given ingredient or finished good was used in the formulation process. Also, Mother Murphy's can develop reports indicating to Mother Murphy's to which customers and locations Mother Murphy's products were shipped if anything in the production process is recalled. Tracing allows Mother Murphy's to rapidly trace production lots.

12. On January 13, 2011, Defendants, through their counsel, sent Mother Murphy's a licensing demand letter (the "Demand Letter," attached hereto as Exhibit A), addressed to Mother Murphy's Chief Executive Officer, David Murphy, which was received at Mother Murphy's principal place of business in Greensboro, North Carolina. In the Demand Letter, Defendants claimed ownership of the ArrivalStar Patents, alleged that Mother Murphy's ASN service and Tracing system infringe one or more claims of

4

the ArrivalStar Patents, and proposed "to offer Mother Murphy's a license to continue practicing the inventions claimed in the ArrivalStar Patents under highly favorable terms." Exhibit A at 1. Defendants further proposed to "resolve all issues through a suitable licensing arrangement prior to any litigation." Exhibit A at 12.

13. In the Demand Letter, counsel for Defendants set a deadline of January 24, 2011 for Mother Murphy's response. If Mother Murphy did not meet this deadline, then Defendants would "proceed accordingly herein the court system of [sic] United States." Exhibit A at 12.

14. On February 1, 2011, counsel for Mother Murphy's responded to Defendants January 13, 2011 Demand Letter and explained that they are considering the statements in Defendants' Demand Letter. Exhibit B ("Response Letter").

15. On February 1, 2001, counsel for Defendants confirmed receipt of the Response Letter by way of an e-mail to Mother Murphy's counsel. Exhibit C ("Reply E-Mail"). In the Reply E-Mail, counsel for Defendants urged Mother Murphy's to accept Defendants' "standard form Settlement, Release and License Agreement" and that unless Mother Murphy's "purchases a license," Defendants "will be moving the matter into litigation." *See* Exhibit C and "Settlement, Release and License Agreement" attached thereto.

16. On information and belief, Defendants have asserted one or more of the ArrivalStar Patents against various parties in multiple and varied jurisdictions in over

5

thirty (30) separate patent litigation actions since at least 2001, including patent infringement action in the federal courts of North Carolina.

17. On information and belief, Defendants do not make, use, import, market, sell, or offer for sell any products or services that embody the teachings of the ArrivalStar Patents.

18. On information and belief, Defendants are solely in the business of using licensing demand letters and litigation to negotiate license agreements with alleged patent infringers.

## COUNT I (Declaratory Judgment of Noninfringement)

19. Mother Murphy's incorporates the allegations in the previous paragraphs herein by reference.

20. Defendants claim to have rights in the ArrivalStar Patents sufficient to bring lawsuits for the alleged infringement thereof. *See* Exhibit A (Demand Letter).

21. Defendants have charged and continue to charge that Mother Murphy's ASN service and Tracing system infringe one or more claims of the ArrivalStar Patents and that if Mother Murphy's does not enter into a licensing agreement with Defendants, Defendants will take legal action against Mother Murphy's.

22. Mother Murphy's has not infringed, either literally or under the doctrine of equivalents, contributed to infringement of, or induced infringement of the ArrivalStar Patents as a result of Mother Murphy's ASN service or Tracing system.

23. By virtue of the matters alleged above, there is a substantial and continuing justiciable controversy between Mother Murphy's and Defendants with respect to the infringement of the ArrivalStar Patents.

24. Mother Murphy's is entitled to a declaratory judgment that its ASN service and Tracing system does not infringe, directly or indirectly, any claim of the ArrivalStar Patents.

## PRAYER FOR RELIEF

WHEREFORE, Mother Murphy's prays to the Court as follows:

1. The Court enter judgment in favor of Mother Murphy's declaring that Mother Murphy's has not infringed or otherwise violated any purported rights of Defendants, including any provisions of 35 U.S.C. § 1 *et seq.* or any other asserted federal, state, or common laws, with regard to the ArrivalStar Patents or otherwise;

2. The Court enter judgment in favor of Mother Murphy's declaring that Mother Murphy's does not need to license the ArrivalStar Patents, or any one of them, in order to lawfully make, use, import, market, sell, or offer for sell the ASN service and Tracing system.

2. The Court grant preliminary and permanent injunctions enjoining and restraining Defendants and their agents, servants, and employees, and all persons in active concert or participation with them, from stating or representing, directly or indirectly, to any person that Mother Murphy's has infringed any claim of the ArrivalStar Patents.

3. The Court declare this matter an exceptional case pursuant to 35 U.S.C. § 285.

4. The Court require Defendants to pay to Mother Murphy's its reasonable costs and expenses, including attorneys' fees, incurred in the preparation and prosecution of this action;

5. Mother Murphy's have such other and further relief as this Court may deem just and necessary; and

6. That all matters so triable be tried by a jury.

This the 14th day of February, 2011.

/s/ Jacob S. Wharton
Jack B. Hicks (N.C. State Bar No. 14129)
Charles A. Burke (N.C. State Bar No. 19366)
Jacob S. Wharton (N.C. State Bar No. 37421)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
*Attorneys for Plaintiff Mother Murphy's
   Laboratories, Inc.*
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6609
Fax: (336) 726-6985
jhicks@wcsr.com
cburke@wcsr.com
jwharton@wcsr.com